UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOAN LANDRY, *WIFE OF AND* REYNAUD ALEXANDER<br>　　Plaintiffs<br><br>VERSUS<br><br>HARTFORD INSURANCE COMPANY OF THE MIDWEST,<br>　　Defendant | CIVIL ACTION NO:<br><br>SECTION:<br><br>JUDGE<br><br>MAGISTRATE |

**COMPLAINT**

NOW COMES JOAN LANDRY, WIFE OF AND REYNAUD ALEXANDER plaintiffs, who move this Court into the following cause of action against HARTFORD INSURANCE COMPANY OF THE MIDWEST, (hereinafter referred to as "Hartford Insurance Co."), in the above named action for the reasons enumerated in this Complaint:

**I. JURISDICTION**

A).    Jurisdiction properly vests in this Court based upon the National Flood Insurance Act of 1968, 42 U.S.C. §4072 and the federal question jurisdiction of 28 U.S.C. §1331, for civil actions arising from the Constitution, laws, and statutes.

B).    The parties of controversy are as follows:

(1)    Made plaintiffs are JOAN LANDRY, WIFE OF AND REYNAUD ALEXANDER, both individuals over the age of majority whose home and property was located at 6832 Farwood Dr., New Orleans, LA 70126.

(2) Made defendant herein is Hartford Insurance Company of the Midwest, a duly authorized insurance company doing business in the State of Louisiana, headquartered in Hartford, Connecticut, and incorporated in the State of Delaware with a headquarter address of One Hartford Plaza Hartford, CT, 06155 who is upon information and belief authorized to issue and administer write-your-own flood policies pursuant to 44 C.F.R. §62.23.

C)  The policy of flood insurance was issued for the house owned by plaintiffs located at 6832 Farwood Dr., New Orleans, LA 70126 and thus, the United States District for the Eastern District of Louisiana becomes the proper court defined under the statutes to bring this hearing to address the federal question, where the cause of action arose in transactions emanating from the property located in proximity of the district court for subject and venue matter jurisdiction

## II. SUMMARY OF FACTS

1.

On August 29, 2005, plaintiffs, Joan Landry, wife of, and Reynaud Alexander suffered severe damages to their home and property located at 6832 Farwood Dr., New Orleans, LA 70126, due to Hurricane Katrina.

2.

Prior to and during this his time, plaintiffs, Joan Landry and Reynaud Alexander had secured a policy of flood insurance through Hartford Insurance Co. with a policy number of 99018367872004 covering the home located at  6832 Farwood Dr., New Orleans, LA 70126.

3.

On or around January 13, 2013, plaintiffs, Joan Landry, wife of, and Reynaud Alexander, contracted with J.L. Moore Trucking, LLC d/b/a Moore & Moore Trucking to demolish their

home located at 6832 Farwood Dr., New Orleans, LA pursuant to the National Flood Insurance Policy. (See ICC Demolition Agreement for a Residential/Commercial Structure, attached as Exhibit "A").

4.

An Increased Cost of Compliance Proof of Loss was executed on October 21, 2013, stating the full amount of ICC insurance applicable to the property for which claim is presented is $30,000 and setting forth the payment schedule pursuant to the National Flood Insurance Program instituted by FEMA and ICC demolition guidelines. (See Increased Cost of Compliance Proof of Loss, attached as Exhibit "B").

5.

Pursuant to the ICC Demolition Agreement for a Residential/Commercial Structure with plaintiffs, Moore & Moore Trucking, acting as agent for plaintiffs, proceeded with securing permits for the demolition of the property and began to seek approval for payment by the flood insurance company and defendant herein, Hartford Insurance Co.

6.

On July 14, 2014, Hartford Insurance Co. denied the claim, closing it without payment pursuant to the Standard Flood Insurance Policy, VII, General Conditions, J.6, stating that the insured plaintiffs had not submitted the proper documentation for Completion of the increased Cost of Compliance Claim as requested by the adjuster. (See July 14, 2014, Letter from Hartford Insurance Co., attached as Exhibit "C").

7.

Plaintiffs disputed Hartford Insurance Co.'s decision to request documentation of paid mitigation costs before finalizing the ICC Claim and appealed to FEMA to review the ICC claim file from Hartford Insurance Co.. FEMA Responded on March 3, 2015 (Exhibit "D") stating the following:

> "After consideration of all the information provided, FEMA has determined that this matter warrants further investigation by Hartford. Although the NFIP does not mandate advanced payments be issued, we will recommend Hartford implement the conditional waiver in accordance with FEMA Bulletin W-I3006 and assist you with processing your ICC Claim."

Following FEMA's March 3, 2015, letter, and on March 25, 2015, Hartford Insurance Co. made an initial payment for half of the cost of the demolition of the property in the amount of FOURTEEN THOUSAND SEVEN HUNDRED AND TEN DOLLARS AND NO/100 ($14,710) to plaintiffs, Joan Landry, wife of, and Reynaud Alexander, evidenced as check no. 601794798 who then endorsed the check to Moore & Moore Construction (See, March 25, 2015 check, check endorsement, deposit slip, and cancelled check, attached as Exhibit "E"),

8.

On April 10, 2015, Joan Landry, wife of, and Reynaud Alexander, deposited the same amount to plaintiff, Moore and Moore Trucking pursuant to the contract for demolition services. (Exhibit "E").

9.

On June 11, 2015, defendant, Hartford Insurance Co. denied the request for the balance of the demolition (Exhibit "F") stating the following:

"The contract referenced in your letter is an agreement between the insured and the demolition company.  Neither Hartford Insurance Company nor National Flood Services, Inc. is party to the contract.  As such, only the insureds are bound by the agreement.

At this time, the remaining ICC funds are not approved for payment and the request for the balance is denied, making the Agreement null and void.

As indicated in our previous letter to Joan Landry and Reynaud Alexander dated March 24, 2015, we issued payment for their Increased Cost of Compliance claim in advance in the amount of $14,710.00.  There has been no documentation received to verify payment to Moore & Moore Trucking for their demolition claim and the remaining amount has been held until the requested information is received for review.

Should  insureds wish to provide a copy of the endorsed and cancelled check for services performed, we would be glad to review it for further consideration.  Any claim above and beyond the amount paid has been and remains denied at this time as no documentation to support any further payment has been received[…]"

10.

On June 19, 2015, a letter was sent to defendant, Hartford Insurance Co. providing "proof that pursuant to the Demolition contract, Hartford's insureds did make payment to Moore & Moore for demolition services and provided proof to Hartford." (Exhibit "G").

### III. CLAIMS FOR DAMAGES:

11.

Count I-  Plaintiffs seek the remaining balance of the $14,710.00 from defendant for failure to properly handle, process and disburse the remaining half of the funds for the ICC demolition as authorized by the executed Increased Cost of Compliance Proof of Loss pursuant to the National Flood Insurance Act of 1968, and federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

5

Count II- The Court order such an award reasonable and customary for fees, commensurate with all litigation fees, court fees, attorneys fees as provided by law, and recoupment of all costs in bringing this action, as permitted by law.

## IV. RELIEF SOUGHT

12.

Plaintiffs seek awards on all counts of violations of federal law by Defendant causing damages to plaintiff, with damages in the amount of $14,710.00, plus all litigation fees, court fees, attorneys fees as provided by law, and recoupment of all costs in bringing this action, as permitted by law for defendant's failure to properly process the flood insurance claim and pay the remaining costs of the ICC demolition.

WHEREFORE it is so prayed that judgment be rendered in favor of JOAN LANDRY, WIFE OF AND REYNAUD ALEXANDER and against defendant Hartford Insurance Company of the Midwest for all damages incurred for breach of contract and equitable relief including costs and attorney's fees as provided by law.

Respectfully submitted,
Magee, Zeringue & Richardson, Attorneys

/s/ Zara Zeringue_____
ZARA ZERINGUE
Bar Roll No. 22901
207 E. Gibson Street
Covington, Louisiana 70434
Phone:  (985) 893-7550
Fax: (985) 893-7596
zara@wmageelaw.com
*Attorney for Plaintiffs*